UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

|  |  |
|---|---|
| MYTHSUKA LOUIS, and other similarly situated individuals, | ) ) ) ) |
| Plaintiff(s), | ) ) ) |
| v. | ) ) |
| A&S ENTERTAINMENT, LLC, d/b/a The Office; CLAUDETTE M. PIERRE; and GREGORY PIERRE, | ) ) ) |
| _____Defendants._____ |  |

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, MYTHSUKA LOUIS ("Louis" or "Plaintiff") and other similarly situated individuals, sue the Defendants, A&S ENTERTAINMENT, LLC d/b/a The Office ("A&S"), CLAUDETTE M. PIERRE, and GREGORY PIERRE (collectively "Defendants"), and allege:

1. This is an action to recover money damages for unpaid overtime and minimum wages under the laws of the United States and under Chapter 448, Florida Statutes.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3. The Court has supplemental jurisdiction over the state law unpaid wages claims brought under Chapter 448, Florida Statutes. The facts regarding Plaintiff's state law claims are so related to the Federal claims that they form part of the same case or controversy.

4. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

5.  Corporate Defendant is a Florida profit corporation, having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and is engaged in interstate commerce.

6.  Upon information and belief, Claudette and Gregory Pierre are owners and managers of corporate defendant and should be considered employers of Plaintiff.

### COUNT I: WAGE AND HOUR VIOLATION BY A&S

7.  Plaintiff incorporates herein paragraphs 1-6 above.

8.  This action is brought by Plaintiff and those similarly situated to recover minimum and overtime wages under the Act, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees.

9.  29 U.S.C. § 206 (a) (1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]".  On July 24, 2007 Federal minimum wage was raised to $5.85/hr.  On July 24, 2008, Federal minimum wage was raised to $6.55/hr.  On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

10. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced.  Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

11. In Florida, the minimum wage from January 1, 2013 through December 31, 2013 was $7.79 per hour; from January 1, 2014 through December 31, 2014 was $7.93 per hour; and in 2015 and 2016 was and is $8.05 per hour.

12. The provisions of 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

13. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  A&S is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, A&S operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and A&S obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of A&S was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

14. By reason of the foregoing, A&S is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for A&S. A&S' business activities involve those to which the Act applies. A&S is a gentleman's club and, through its business activity, affects interstate commerce. Plaintiff's work for A&S likewise affects interstate commerce. Plaintiff was employed by A&S as a bartender.

15. While employed by A&S, Plaintiff worked an average of 50 (fifty) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which she was employed or being paid the appropriate minimum wage rate. Plaintiff was employed as a bartender performing the same or similar duties as that of those other similarly situated bartenders whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

16. Plaintiff was required to work for "tips" only or approximately $30.00 per day in some instances. She was not paid overtime wages for the hours that she worked in excess of 40 hours per week and was clearly not paid her full minimum. Plaintiff seeks to recover unpaid minimum and overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this Complaint.

17. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of her unpaid wages is as follows:

2013 Minimum Wage Calculation: $7.79 - (($30 x 5 days per week) / 50 hours) = $4.79 per hour unpaid. $4.79 x 26 weeks x 50 = **$6,227** unpaid minimum wages.

2013 Overtime Wage Calculation: $7.79 x .5 = $3.895 additional halftime rate. $3.895 x 10 overtime hours x 26 weeks = **$1,012.70** unpaid overtime wages.

2014 Minimum Wage Calculation: $7.93 - (($30 x 5 days per week) / 50 hours) = $4.93 per hour unpaid. $4.93 x 30 weeks x 50 = **$7,395.00** unpaid minimum wages.

2014 Overtime Wage Calculation: $7.93 x .5 = $3.965 additional halftime rate. $3.965 x 10 overtime hours x 30 weeks = **$1,189.50** unpaid overtime wages

**TOTAL DAMAGES: $6,227 + $1,012.70 + $7,395.00 + $1,189.50 x 2 (liquidated damages) = $31,648.40, plus reasonable attorneys' fees and costs of suit.**

18. At all times material hereto, A&S failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and were not properly paid minimum wages and worked in excess of the maximum hours provided by the Act but no provision was made by A&S to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of A&S who are and who were subject to the unlawful payroll practices and procedures of A&S and were not properly paid their minimum wages and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

19. A&S knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum and overtime wages and remains owing Plaintiff and those similarly situated these minimum and overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with A&S as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. A&S never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

20. A&S willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the laws of the United States as set forth above and remains owing

Plaintiff these overtime wages since the commencement of Plaintiff's employment with A&S as set forth above.

21. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Mythsuka Louis, and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against A&S on the basis of A&S' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATIONS BY CLAUDETTE PIERRE AND GREGORY PIERRE

22. Plaintiff incorporates herein paragraphs 1-21 above.

23. At the times mentioned, the Individual Defendants were the Owners and/or Officers of the Corporate Defendant. The Individual Defendants were employers of Plaintiff and

others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that these defendants acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated. The Individual Defendants had operational control of the Corporate Defendant, were involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with her work schedule, and are jointly liable for Plaintiff's damages.

24. The Individual Defendants are and were, at all times relevant, persons in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

25. The Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime and minimum wage compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime and minimum wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

26. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A.  Enter judgment for Plaintiff and other similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid wages and

overtime compensation for hours worked in excess of forty weekly; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT III: UNPAID WAGES UNDER THE FLORIDA MINIMUM WAGE ACT, SECTION 448.110, FLORIDA STATUTES

27. Plaintiff incorporates herein paragraphs 1-21 above.

28. This is an action to enforce and obtain relief under Florida's minimum wage provisions, namely Article 10, Section 24 of the Florida Constitution and the Florida Minimum Wage Act set forth in § 448.110, Fla. Stat.

29. Corporate Defendant is, and at all times mentioned was, a corporation organized and existing under the laws of Florida, with its principal place of business in Miami-Dade County, Florida.

30. Corporate Defendant is a gentleman's club.

31. Plaintiff was employed by Corporate Defendant for the time period from approximately May 1, 2012 through July 30, 2014.

32. Plaintiff was employed by Corporate Defendant as a bartender, and fully performed her duties as directed. All the hours worked by Plaintiff were worked within the State of Florida.

33. Pursuant to Article 10, Section 24 of the Florida Constitution and the Florida Minimum Wage Act set forth in § 448.110, Fla. Stat., in the year 2012, payment of an hourly wage

of less than $7.67 was unlawful; in 2013 the minimum wage was raised to $7.79; in 2014 the minimum wage was raised again to $7.93.

34. From approximately May 1, 2012 through approximately July 30, 2014, Plaintiff worked approximately 50 hours per week and only worked for tips or earned approximately $30 per day equaling $150.00 per week, which means that Plaintiff was paid (at best) at the rate below the required minimum wage.  This is purely an optimistic estimate as many weeks she was not paid at all.

35. Pursuant to the above-cited minimum wage provisions, Plaintiff should have received at least the following amounts in addition to the weekly wage he was paid:

2012 Minimum Wage Calculation:  $7.67 - (($30 x 5 days per week) / 50 hours) = $4.67 per hour unpaid. $4.67 x 34 weeks x 50 = $7,939.00 unpaid minimum wages.

2013 Minimum Wage Calculation: $7.79 - (($30 x 5 days per week) / 50 hours) = $4.79 per hour unpaid.  $4.79 x 52 weeks x 50 = $12,454.00 unpaid minimum wages.

2014 Minimum Wage Calculation:  $7.93 - (($30 x 5 days per week) / 50 hours) = $4.93 per hour unpaid.  $4.93 x 30 weeks x 50 = $7,395.00 unpaid minimum wages.[1]

Corporate Defendant, therefore, owes Plaintiff **$27,788.00**, which represents the difference between the total amount of wages actually paid to Plaintiff during the period in question and the amount Corporate Defendant should have paid for that period pursuant to the minimum wage provisions.

36. Despite Plaintiff's demands, Corporate Defendant refused and continues to refuse to pay Plaintiff the amount owed.

---

[1] Plaintiff's original letter incorrectly reflected 22 weeks rather than 30 weeks for 2014, though all dates were correct.  This was a scrivener's error reflecting a May 1 end date rather than the correct July 30 end date.

37. On or about May 9, 2016, Plaintiff provided Defendant with written notice of intent to initiate an action to enforce the above-cited minimum wage provisions. A copy of this notice is attached to this Complaint and marked **Exhibit "A".** This notice identified the estimated wages to which Plaintiff claims entitlement, the estimated work dates and hours for which payment is sought, and the total amount of unpaid wages through the date of the notice.

38. More than 15 calendar days have passed since Defendant received this notice, and Corporate Defendant has neither paid the total amount of unpaid wages nor otherwise resolved the claim to the satisfaction of Plaintiff.

39. Corporate Defendant knew and/or showed reckless disregard of the provisions of the Florida Minimum Wage Act concerning the payment of minimum wages and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Corporate Defendant as set forth above.

40. Corporate Defendant willfully and intentionally refused to pay Plaintiff the referenced minimum wages as required by the Florida Minimum Wage Act.

**WHEREFORE**, Plaintiff, Mythsuka Louis, respectfully requests this Court grant the following relief:

A.  Back pay in the form of lost wages, including lost benefits, plus interest;

B.  Liquidated damages;

C.  Costs of this action, together with reasonable attorneys' fees; and

D.  Such other and further relief as this Court deems equitable and just.

### JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

<u>COUNT IV: UNPAID WAGES UNDER THE FLORIDA MINIMUM WAGE ACT,
SECTION 448.110, FLORIDA STATUTES
BY CLAUDETTE AND GREGORY PIERRE</u>

41. Plaintiff incorporates herein paragraphs 1 through 6 and 27 through 40 above.

42. At the times mentioned, the Individual Defendants were the Owners and/or Officers of
the Corporate Defendant. The Individual Defendants were employers of Plaintiff and
others similarly situated within the meaning of Florida Statute 448.101(3), in that these
defendants acted directly or indirectly in the interests of the Corporate Defendant in
relation to the employees of the Corporate Defendant, including Plaintiff and others
similarly situated. The Individual Defendants had operational control of the Corporate
Defendant, were involved in the day-to-day functions of the Corporate Defendant,
provided Plaintiff with her work schedule, and are jointly liable for Plaintiff's damages.

43. The Individual Defendants are and were, at all times relevant, persons in control of the
Corporate Defendant's financial affairs and can cause the Corporate Defendant to
compensate (or not to compensate) its employees in accordance with the Act.

44. The Individual Defendants willfully and intentionally caused Plaintiff not to receive
minimum wage compensation as required by the laws of Florida as set forth above and
remains owing Plaintiff these minimum wages since the commencement of Plaintiff's
employment with the Corporate Defendant as set forth above.

45. Plaintiff has retained the law offices of the undersigned attorney to represent her in this
action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff, Mythsuka Louis, respectfully requests this Court grant the
following relief:

A.  Back pay in the form of lost wages, including lost benefits, plus interest;

B.  Liquidated damages;

C.  Costs of this action, together with reasonable attorneys' fees; and

D.  Such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: June 30, 2016.

Respectfully submitted,

By: __/s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Email:  ed@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile:  (888) 270-5549
Attorneys for Plaintiff